IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2025 AUG 18 P 12:08

CLERK_____
SO. DI__. OF GA.

**Bryon Hallett**,
Plaintiff,

v.

**KOMOLA EDWARDS**, (Individually and in Official Capacity)
**ANTOINE CALDWELL**, (Individually and in Official Capacity)
**SEAN GITTENS**, (Individually and in Official Capacity)
**JOHN MOORE**, (Individually and in Official Capacity)
**TIMOTHY PHILLIPS**, (Individually and in Official Capacity)
**ANGIE PITTMAN**, (Individually and in Official Capacity)
**MARK SMITH**, (Individually and in Official Capacity)
**WOODROW TRIPP**, (Individually and in Official Capacity)
**GEORGIA DEPARTMENT OF CORRECTIONS**,

Defendants.

Case No.: CV425 191
**JURY TRIAL DEMANDED**

Filing Fee pd. #40000 2597

## COMPLAINT FOR MALICIOUS PROSECUTION, DEFAMATION, AND DUE PROCESS VIOLATIONS

Plaintiff, Bryon Hallett, a former correctional officer employed by the Georgia Department of Corrections ("GDC") at Johnson State Prison, brings this action seeking redress for malicious prosecution, defamation, and due process violations after being falsely arrested and prosecuted based on unfounded allegations, causing irreparable damage to his career, reputation, and well-being. Defendants, acting under color of state law, knowingly or recklessly caused Plaintiff's wrongful arrest and prosecution without probable cause, in violation of Georgia law and the United States Constitution under the Fourth and Fourteenth Amendments.

### I. JURISDICTION AND VENUE

1. This Court has jurisdiction over the federal claims pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983.
2. This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367 because they arise from the same case or controversy.

3. Venue is proper in this Court under 28 U.S.C. § 1391(b) because the events giving rise to the claims occurred in Wrightsville, Johnson County, Georgia, within this District.

## II. PARTIES

4. Plaintiff Bryon Hallett is a resident of Tennille, Washington County, Georgia, and at all relevant times was employed as a correctional officer with GDC at Johnson State Prison.

5. Defendants are officials and employees of GDC, sued in both their individual and official capacities, and include:
   a. Komola Edwards
   b. Antoine Caldwell
   c. Sean Gittens
   d. John Moore
   e. Timothy Phillips
   f. Angie Pittman
   g. Mark Smith
   h. Woodrow Tripp

6. Defendant Georgia Department of Corrections is a state agency responsible for managing correctional institutions and personnel.

## III. FACTUAL ALLEGATIONS

7. On or about December 18, 2018, Plaintiff was wrongfully arrested without probable cause based on false allegations made by Defendants.

8. Plaintiff was indicted in 2018 on seven counts and reindicted in 2023 with reduced charges.

9. Plaintiff was denied the opportunity to testify at both grand jury hearings.

10. No arrest warrant was issued prior to Plaintiff's booking on in December of 2018.

11. Investigations by GDC officials, including Komola Edwards and Antoine Caldwell, were incomplete and failed to examine the credibility of inmate accusers.

12. Inmates Abe Holmes, Alijah Banks and James Hartzog all had a known history of false allegations dating back years, which was ignored by investigators.

13. Defendants failed to investigate or disclose exculpatory evidence, prolonging Plaintiff's prosecution from 2018 through 2023.

14. The criminal case was Nolle Prosequi on October 19, 2023.

15. Plaintiff's POST certification remains suspended as of January 27, 2025, preventing him from working in law enforcement.

16. Plaintiff's reputation and career prospects have been irreparably damaged.

## IV. CAUSES OF ACTION

### COUNT I – MALICIOUS PROSECUTION (42 U.S.C. § 1983 – FOURTH & FOURTEENTH AMENDMENTS)

17. Plaintiff incorporates all preceding paragraphs.

18. Defendants, acting under color of state law, instituted and continued criminal proceedings against Plaintiff without probable cause and with malice.

19. Such conduct violated Plaintiff's Fourth Amendment right to be free from unlawful seizure and Fourteenth Amendment due process rights.

### COUNT II – MALICIOUS PROSECUTION (GEORGIA LAW – O.C.G.A. § 51-7-40)

20. Plaintiff incorporates all preceding paragraphs.
21. Under O.C.G.A. § 51-7-40, malicious prosecution occurs when a person is prosecuted without probable cause and with malice.
22. Defendants pursued baseless charges, causing Plaintiff special injury.

### COUNT III – DEFAMATION (O.C.G.A. § 51-5-1 et seq.)

23. Plaintiff incorporates all preceding paragraphs.
24. Defendants knowingly made false statements about Plaintiff's alleged misconduct, which were communicated to third parties.
25. Such statements constitute slander per se under O.C.G.A. § 51-5-4 as they imputed criminal conduct and harmed Plaintiff's profession.

### COUNT IV – DUE PROCESS VIOLATIONS (42 U.S.C. § 1983 – FOURTEENTH AMENDMENT)

26. Plaintiff incorporates all preceding paragraphs.
27. Defendants deprived Plaintiff of a protected liberty and property interest, including his POST certification, without due process.
28. Such conduct violates clearly established due process rights under Mathews v. Eldridge, 424 U.S. 319 (1976).

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests:

A. Compensatory damages for lost wages, emotional distress, and reputational harm;
B. Punitive damages against individual defendants;
C. Attorney's fees under 42 U.S.C. § 1988;
D. Injunctive relief, including reinstatement of POST certification;
E. Total damages of $2,500,000.00; and
F. Such other relief as the Court deems just and proper.

Respectfully submitted,

*[signature: Bryon Hallett]*

Bryon Hallett
301 North Main Street
Tennille, GA 31089
Phone: 478-232-5848
Email: Hallett.bryon2015@gmail.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

**Bryon Hallett,**
Plaintiff,

v.

**KOMOLA EDWARDS, et al.,**
Defendants.

Case No.: _____

# PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF THE POSITION THAT IMMUNITY DOES NOT APPLY

## I. INTRODUCTION

Plaintiff submits this memorandum to address anticipated defenses of qualified immunity, sovereign immunity, and official immunity. The facts alleged in the Complaint demonstrate that these immunities do not bar Plaintiff's claims. The law is clear that government officials are not shielded from liability where they violate clearly established constitutional rights or act with actual malice under Georgia law.

## II. QUALIFIED IMMUNITY DOES NOT APPLY

Qualified immunity protects government officials performing discretionary functions unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Here, the Complaint alleges violations of Plaintiff's Fourth Amendment right to be free from malicious prosecution without probable cause and Fourteenth Amendment due process rights. These rights were clearly established at the time of the Defendants' conduct. See Albright v. Oliver, 510 U.S. 266 (1994); Kingsland v. City of Miami, 382 F.3d 1220 (11th Cir. 2004). No reasonable official could believe that instituting or maintaining baseless criminal charges in the face of exculpatory evidence was lawful.

## III. ELEVENTH AMENDMENT SOVEREIGN IMMUNITY DOES NOT BAR RELIEF

While the Eleventh Amendment generally bars suits against state agencies for monetary damages, it does not bar suits for prospective injunctive relief against state officials sued in their official capacities. Ex parte Young, 209 U.S. 123 (1908). Plaintiff seeks prospective injunctive relief in the form of reinstatement of his POST certification to end an ongoing violation of federal law. Such relief falls squarely within the Ex parte Young exception.

## IV. GEORGIA SOVEREIGN IMMUNITY IS WAIVED FOR CERTAIN CLAIMS

Georgia's sovereign immunity is subject to waiver as provided by statute. See Ga. Const. Art. I, Sec. II, Para. IX. The Georgia Tort Claims Act, O.C.G.A. § 50-21-20 et seq., waives sovereign immunity for certain torts committed by state officers and employees acting within the scope of their official duties, subject to enumerated exceptions. Additionally, O.C.G.A. § 50-21-23(b) provides that sovereign immunity is waived for actions brought in state or federal court as provided in the Act.

## V. OFFICIAL IMMUNITY DOES NOT APPLY WHERE THERE IS ACTUAL MALICE

Under Georgia law, public officials are not entitled to official immunity for ministerial acts negligently performed or for discretionary acts performed with actual malice or intent to cause harm. See Cameron v. Lang, 274 Ga. 122 (2001). The Complaint alleges that Defendants acted with actual malice by knowingly pursuing baseless criminal charges against Plaintiff, ignoring exculpatory evidence, and making false defamatory statements. Such conduct, if proven, defeats any claim of official immunity.

## VI. CONCLUSION

For the foregoing reasons, Defendants are not entitled to qualified immunity, sovereign immunity, or official immunity. Plaintiff respectfully requests that the Court deny any motion to dismiss based on immunity defenses and permit this case to proceed to discovery and trial.

Respectfully submitted,

*/s/ Bryon Hallett*
Bryon Hallett
301 North Main Street
Tennille, GA 31089
Phone: 478-232-5848
Email: Hallett.bryon2015@gmail.com

FILED IN OFFICE
Johnson County, GA
Date 10/23/2023
Patricia Glover, Clerk
Superior Court
Michelle ___
Dep Clerk

## IN THE SUPERIOR COURT OF JOHNSON COUNTY
## STATE OF GEORGIA

| THE STATE OF GEORGIA | CASE NO. 2023-CR-0017 |
|---|---|
| vs. | |
| Byron Hallett | Charges: Violation of Oath by Public Officer & Simple Battery & Simple Battery & Simple Battery & Simple Battery & Influencing a Witness & Making a False Statement |

### MOTION FOR NOLLE PROSEQUI

Comes now the State of Georgia, by and through Craig Fraser, District Attorney, and hereby moves that an Order of Nolle Prosequi be entered in the above-captioned action.

This 19th day of October, 2023.

_____
Cheryl Banks Hightower, Senior Assistant District Attorney
Dublin Judicial Circuit
Georgia State Bar# 036178
Phone: 478-272-0440 ; Fax: 478-272-0559
Email: cbanks@pacga.org

### ORDER FOR NOLLE PROSEQUI

After consideration of the foregoing motion, an Order of Nolle Prosequi is hereby entered in the above-captioned case.

SO ORDERED, this 19th day of October, 2023.

_____
HON. JUDSON L. GREEN, IV
JUDGE, SUPERIOR COURT

Clerk of Court
United States District Court
Southern District of Georgia
Savannah District
124 Bernard Street
Savannah, GA 31401

August 15, 2025

Re: Byron Hallett v. Georgia Department of Corrections, et al. – Submission of Complaint and Memorandum

Dear Clerk of Court,

Enclosed please find the Complaint for Malicious Prosecution, Defamation, and Due Process Violations, along with Plaintiff's Memorandum of Law in Support of the Position that Immunity Does Not Apply, in the case of Byron Hallett v. Georgia Department of Corrections, et al., to be filed in the United States District Court for the Southern District of Georgia, Savannah Division.

The Complaint names the following Defendants in both individual and official capacities: Komola Edwards, Antoine Caldwell, Sean Gittens, John Moore, Timothy Phillips, Angie Pittman, Mark Smith, Woodrow Tripp, and the Georgia Department of Corrections. The Complaint alleges violations of 42 U.S.C. § 1983 (malicious prosecution and due process), O.C.G.A. § 51-7-40 (state-law malicious prosecution), and O.C.G.A. § 51-5-1 et seq. (defamation).

Plaintiff respectfully requests the Court to file-stamp the Complaint and associated exhibits and assign a case number.

Respectfully submitted,


Byron Hallett, Plaintiff, Pro Se
301 North Main Street
Tennille, GA 31089
Phone: 478-232-5848
Email: Hallett.byron2015@gmail.com

Enclosures:
- Complaint for Malicious Prosecution, Defamation and Due Process Violations
- Plaintiff's Memorandum of Law in Support of the Position that Immunity does not apply

\